UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-543** |
| **N. BURL CAIN** | **SECTION: "E"(1)** |

## ORDER

Before the Court is a Rule 60(b) motion for relief from judgment filed by Petitioner Earl Johnson ("Petitioner").[1] Petitioner has also filed a supplemental memorandum in further support of his motion.[2] For the reasons stated herein, the motion is **DENIED**.

## BACKGROUND

In considering the present motion, the Court finds it appropriate to offer a brief synopsis of this matter's procedural history. On August 26, 1993, Petitioner was convicted of first-degree murder under Louisiana law.[3] On October 6, 1993, Petitioner was sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence.[4] Petitioner appealed, but the Louisiana Fourth Circuit Court of Appeal affirmed the conviction and sentence on May 8, 1996.[5] Petitioner then filed a related writ application with the Louisiana Supreme Court, which was denied on March 20, 1998.[6]

---

[1] R. Doc. 18.
[2] R. Doc. 20.
[3] *See Johnson v. Cain*, No. 12-974, R. Doc. 13, at 1–2 (E.D. La.).
[4] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 2 (E.D. La.).
[5] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 2 (E.D. La.).
[6] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 2 (E.D. La.).

In late-August 2002, Petitioner filed his first application for post-conviction relief with the state district court.[7] The record is unclear as to the disposition of this application, but the record indicates that the Louisiana Fourth Circuit Court of Appeal ultimately denied Petitioner relief on the basis that his post-conviction application was untimely.[8] The Louisiana Supreme Court denied Petitioner's related writ applications for the same reasons.[9]

Then, in either 2009 or 2010, Petitioner again filed an application for post-conviction relief with the state district court.[10] Before the state district court could rule, Petitioner filed a related writ application with the Louisiana Fourth Circuit Court of Appeal, which was again dismissed as untimely.[11] The Louisiana Supreme Court also denied relief for the same reason on April 1, 2011, and denied further reconsideration of its judgment on June 3, 2011.[12]

In April 2012, Petitioner filed a federal petition for *habeas corpus* relief under 28 U.S.C. § 2254 in this Court.[13] The application was referred to Magistrate Judge Sally Shushan, who recommended that the petition be dismissed with prejudice as untimely.[14] On November 7, 2013, this Court adopted Judge Shushan's recommendation without modification and dismissed the petition with prejudice.[15]

On March 12, 2014, Petitioner instituted another proceeding before this Court by filing a pleading styled "Writ of Mandamus."[16] In reality, it was determined that

---

[7] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 2 (E.D. La.).
[8] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 2–3 (E.D. La.).
[9] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 3 (E.D. La.).
[10] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 3 (E.D. La.).
[11] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 3 (E.D. La.).
[12] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 3 (E.D. La.).
[13] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 4 (E.D. La.).
[14] *Johnson v. Cain*, No. 12-974, R. Doc. 13, at 11 (E.D. La.).
[15] *Johnson v. Cain*, No. 12-974, R. Doc. 20, at 1–2 (E.D. La.).
[16] *See Johnson v. Cain*, No. 14-543, R. Doc. 3 (E.D. La.).

Petitioner sought to re-open his prior federal *habeas corpus* proceeding, in which his petition was dismissed as untimely.[17] Although it was unclear from Petitioner's pleading, Petitioner appeared to argue that his petition should not have been dismissed as untimely because he was, in fact, innocent.[18]

The matter was again referred to Judge Shushan for consideration.[19] On November 4, 2014, Judge Shushan recommended that Petitioner's "Writ of Mandamas" be dismissed, concluding that: (1) the proper mechanism to challenge the November 7, 2013 dismissal of Petitioner's federal *habeas corpus* petition was to file a direct appeal, which Petitioner failed to do; and (2) if Petitioner wished to vacate the November 7, 2013 dismissal, he should have filed a Rule 60(b) motion in that proceeding, not initiate a new proceeding by "Writ of Mandamus."[20] Nevertheless, Judge Shushan noted that, even if Petitioner had followed the proper procedure, he would fail on the merits, as Petitioner did not establish that he was entitled to have his proceedings reopened.[21] On July 27, 2015, the Court adopted Judge Shushan's recommendation in full, again dismissing Petitioner's claims with prejudice.[22]

On August 6, 2015, Petitioner filed the present Rule 60(b) motion for relief from judgment.[23] It is this motion that is currently before the Court.

## **LEGAL STANDARD**

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

---

[17] *See Johnson v. Cain*, No. 14-543, R. Doc. 3 (E.D. La.).
[18] *Johnson v. Cain*, No. 14-543, R. Doc. 3 (E.D. La.).
[19] *See Johnson v. Cain*, No. 14-543, R. Doc. 6 (E.D. La.).
[20] *Johnson v. Cain*, No. 14-543, R. Doc. 6, at 3 (E.D. La.).
[21] *Johnson v. Cain*, No. 14-543, R. Doc. 6, at 2–3 (E.D. La.).
[22] *See Johnson v. Cain*, No. 14-543, R. Doc. 15 (E.D. La.).
[23] *See Johnson v. Cain*, No. 14-543, R. Doc. 18 (E.D. La.).

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[24]

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[25] As the moving party, Petitioner has the burden to show why the Court should vacate the Court's prior judgment.[26] The determination of whether Petitioner has satisfied his burden lies within this Court's sound discretion.[27] However, granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly."[28] A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[29] Consequently, the "scope of relief that may be obtained under Rule 60(b) is strictly limited."[30]

## DISCUSSION

Petitioner bases the present motion on subsection (1) of Rule 60(b), under which the district court may grant relief from a prior judgment due to "mistake, inadvertence, surprise, or excusable neglect."[31] However, Petitioner fails to clearly state how or why this Court's prior judgment falls within the narrow dictates of Rule 60(b)(1). It is Petitioner's burden to convince the Court that his Rule 60(b) motion has merit and that

---

[24] Fed. R. Civ. P. 60(b)(1)-(6).
[25] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[26] *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011).
[27] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[28] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").
[29] *Templet*, 367 F.3d at 478.
[30] 12 Moore's Federal Practice § 60.02 (3d ed. 2010).
[31] *Johnson v. Cain*, No. 14-543, R. Doc. 18, at 2 (E.D. La.).

the Court's prior judgment should be vacated, but Petitioner has failed to carry this burden.

The Court's prior judgment, which Petitioner seeks to attack, denied him relief on the grounds that (1) his federal petition[32] was untimely; and (2) his argument of "actual innocence" was without merit and thus did not provide an avenue around the lapsed limitations period. In the present motion, Petitioner argues that the Court's prior judgment on these grounds is based on "mistake, inadvertence, surprise, or excusable neglect" and is thus incorrect. However, Petitioner offers only conclusory statements in support of his motion and merely restates arguments that were previously rejected by this Court.[33] Petitioner argues that the Court ignored evidence and refused to consider his alibi defense, but it is clear from the record that both this Court and Magistrate Judge Shushan fully considered Petitioner's claims before rendering its judgment.

Thus, the Court finds that Petitioner has not come forward with any facts or evidence suggesting the Court's prior judgment is based on "mistake, inadvertence, surprise, or excusable neglect." And Petitioner also fails to offer a coherent basis for his motion under the other subsections of Rule 60(b).

---

[32] As noted above, Petitioner actually filed a "Writ of Mandamus," but the relief sought was more appropriately construed as a Rule 60(b) motion that should have been filed in Civil Action 12-974, the proceeding in which Petitioner's initial federal petition was dismissed as untimely. Nevertheless, Judge Shushan gave Petitioner the benefit of the doubt and treated his "Writ of Mandamus" as a Rule 60(b) motion, concluding that it was, regardless, without merit.

[33] Petitioner contends that the Court ignored exculpatory evidence and his alibi defense. The Court notes, however, that Petitioner presented this evidence to the Court during the prior proceedings, and the Court properly considered that evidence and Petitioner's arguments at that time. *See* R. Doc. 6 at 6–8.

Accordingly;

**IT IS ORDERED** that, for the reasons stated herein, Petitioner's Rule 60(b) motion[34] is **DENIED**.

New Orleans, Louisiana, this 1st day of October, 2015.

_____
**HONORABLE SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. 18.